IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY BYSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| ASSOCIATION OF FLIGHT ATTENDANTS - CWA, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Ashley Bystrom, through her attorneys, and for her Complaint in this matter, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991 for unlawful employment practices on the basis of gender. Plaintiff Ashley Bystrom alleges that Defendant Association Of Flight Attendants - CWA subjected her to different terms and conditions of employment because of her gender. Plaintiff also alleges that Defendant subjected her to sexual harassment. Plaintiff further alleges that Defendant retaliated against Plaintiff by subjecting her to different terms and conditions of employment, and constructively discharged her from employment in violation of Title VII.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action is authorized and instituted pursuant to Section 706(e)(2) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

3. Venue is proper in this Court because the relevant United (Airlines) Master Executive Council of Defendant Association Of Flight Attendants - CWA resides in this District, and because many of the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

4. Plaintiff Ashley Bystrom is an individual and a resident and citizen of the City of Chicago, in Cook County, Illinois; and Defendant's records of Plaintiff's employment reflect Plaintiff's residency and citizenship. Plaintiff was employed as an "employee", as that term is defined at 42 U.S.C. 2004e(f), by Defendant as chair of the reserve committee of the United Master Executive Council of Defendant.

5. Defendant Association of Flight Attendants - CWA ("AFA-CWA") is an unincorporated association of members, acting as a labor organization, and affiliated with the American Federation of Labor - Congress of Industrial Organizations ("AFL-CIO"), with tens of thousands of members across the country. It is the labor organization of United Airlines flight attendant employees; United Airlines also employed Plaintiff

during the relevant period, as a flight attendant. It was formed as a labor organization in 1945 to act as the collective bargaining agent for certain airline flight attendants and cabin crew members and related workers and has continuously acted in that capacity through the present. AFA-CWA is an "employer" as that term is defined at 42 U.S.C. 2000e(b)), and it employed Plaintiff. Its principal offices are located in Washington, D.C.

6. At all times relevant, Defendant AFA-CWA has continuously has been doing business in the Northern District of Illinois and has continuously had at least fifteen employees.

7. At all times relevant, Defendant AFA-CWA has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Plaintiff filed a Charge of Discrimination (attached as Exhibit 1) with the Equal Employment Opportunity Commission in Chicago, Illinois, alleging violations of Title VII by Defendant AFA-CWA. All conditions precedent to the institution of this lawsuit have been fulfilled, and Plaintiff has filed suit within 90 days of receipt of a Notice of Right to Sue (attached as Exhibit 2). Equal Employment Opportunity Commission has served a copy of Plaintiff's Charge of Discrimination upon Defendant AFA-CWA.

9. Since at least February, 2018, Defendant AFA-CWA has engaged in unlawful employment practices at its Rosemont, Illinois location at One O'Hare Center, 6250 N. River Rd., Suite 4020, Rosemont, Illinois, in violation of Sections 701(k) and 703(a) of

Title VII, 42 U.S.C. §§ 2000e(k) and 2(a). Such unlawful employment practices have included: (1) subjecting Plaintiff to different terms and conditions of employment because of her gender (female); (2) subjecting Plaintiff to sexual harassment; and (3) retaliating against Plaintiff by subjecting her to different terms and conditions of employment and forcing her resignation in violation of the Title VII because she complained about sexual harassment by her supervisor.

10. In approximately April of 2016, Plaintiff began working for United Airlines as a flight attendant, and flew a variety of domestic and international routes. United Airlines is based in Chicago, Illinois where it has a primary hub.

11. When Plaintiff began working for United Airlines, Defendant AFA-CWA began representing Plaintiff and other flight attendants.

12. United Airlines has had at least 15 employees at all relevant times, and is and has been an "employer" as defined that term is defined by Title VII, at 42 U.S.C. 2000e(b)).

13. Defendant was acting in its representational capacity vis-a-vis United Airlines, and it is in an industry affecting commerce.

14. Beginning in approximately June, 2017, Plaintiff began acting on behalf of Defendant AFA-CWA in its government affairs committee; and in September, 2017, Plaintiff began acting as an employee on behalf of Defendant as a union representative, as the chair of the reserve committee of the United Master Executive Council of Defendant.

15. Plaintiff suffered acts of sexual harassment committed by Defendant's direct manager, Shaun McNulty, who was an employee of United Airlines, and held the title of president of Local 21006 of the AFA-CWA.

16. On February 15, 2018, Plaintiff and Shaun McNulty were at work, traveling together on an airplane from Newark, New Jersey to San Francisco, California. On that flight, McNulty made comments to Plaintiff about the size and shape of his penis; told Plaintiff about his sexual exploits; revealed confidential information about another flight attendant; showed Plaintiff text messages between himself and his ex-girlfriend relating to their sexual relationship; and told Plaintiff that McNulty could sleep with people in the union because McNulty keeps his "business and pleasure separate".

17. In March, 2018, McNulty subsequently invited Plaintiff by phone to meet him in an area of New Jersey, at a Dairy Queen restaurant; and when she arrived in her car at the designated location, was directed by McNulty to follow him in her car. McNulty did not tell her where he was driving. She followed in her car as he drove to a strip club.

18. In a previous conversation, McNulty had talked to Plaintiff about strip clubs, and she indicated that she had never been to one before. He had previously responded that he wanted to be the first to take her to a strip club.

19. As she exited her vehicle, Plaintiff decided that, because McNulty was her boss, there was not a polite way to back out of his invitation. Plaintiff went in to the strip club with McNulty, who told Plaintiff not to mention their attendance at a strip club, because "it wouldn't look good."

20. On May 31, 2018, Plaintiff received a phone call from Shaun McNulty, in which Plaintiff was directly propositioned sexually by Shaun McNulty.

21. McNulty continued to make sexually harassing comments to Plaintiff subsequently,

- 5 -

22. In approximately June, 2018, Plaintiff orally notified Defendant of the illegal acts Plaintiff suffered, by, among other things, notifying Defendant's managers, AFA MEC President Mr. Ken Diaz, AFA MEC Secretary Mr. Jeff Heisey, AFA International President Sara Nelson, AFA General Council Ed GilMartin, EAP Terry Redwine, and, subsequently, United Airlines Human Resources Manager Mary Sturchio & Corporate Security representative Jeff Jackel.

23. Such conduct violates the terms of the AFA-CWA collective bargaining agreement.

24. Plaintiff has sought administrative assistance with her claims from AFA-CWA regarding the sexual harassment she suffered.

25. A hearing before the AFA-CWA Hearing Board was conducted and the union determined that Plaintiff's "allegations about McNulty's comment about his penis and his several conversation with Bystrom about his sexual activity <u>were not corroborated by any witness at the hearing</u>" (*emphasis supplied*) and found "insufficient evidence that McNulty engaged in sexual misconduct…."

26. The Hearing Board also found "insufficient evidence" that flight attendants had been coerced into resigning their Flight Attendant positions.

27. Plaintiff made other members of management aware that she could not work with McNulty, and that she would terminate her own employment if McNulty were to remain employed.

28. Shortly thereafter, on approximately July 18th 2018, Plaintiff was made aware that McNulty sought to bring a defamation claim against Plaintiff for her complaints of

sexual harassment; and Plaintiff therefore terminated her employment as a reserve committee chair for AFA-CWA.

29. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her gender.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff because of her gender (female).

32. The unlawful employment practices complained of above have caused Plaintiff to suffer damages including, but not limited to, lost wages, and emotional distress.

## COUNT I
### Violation of Title VII – Discrimination Based on Gender

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 as Paragraph 33 of this Count I.

34. At all times relevant, there was in effect a federal statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, which provides:

(a) It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2.

29. At all times relevant, there was in effect a federal statute, 42 U.S.C. § 2000e-2 *et seq.*, which provides:

"(c) Labor Organization Practices. It shall be an unlawful employment practice for a labor organization—

(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;…"

30. Defendant was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or to terminate an employee's employment because of the employee's gender.

31. During Plaintiff's employment with Defendant, she was subjected to acts of sexual harassment and discrimination by Defendant's employees, managers and/or owners.

32. This illegal gender discrimination and sexual harassment created a hostile and abusive work environment for Plaintiff.

33. Shortly after Plaintiff's last complaint of sexual harassment and discrimination, Defendant constructively terminated Plaintiff's employment, either in whole or in part, because of her gender, and in retaliation for her complaints regarding McNulty.

34. Defendant's actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

35. Defendant's conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant, and awarding Plaintiff the following relief:

a. Back pay from July 18th, 2018 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid her full hourly wages for all hours normally worked during the workweek, to which Plaintiff would have been entitled had she remained employed by Defendant through the date of judgment;

b. Front pay;

c. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

d. Costs and reasonable attorneys' fees incurred;

e. Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

f. Punitive damages in an amount which will serve to punish and deter Defendant PPI and to deter others from such acts in the future; and

g. Such other legal and equitable relief as this Court may deem proper.

## COUNT II
### Violation of Title VII – Unlawful Retaliation

36. Plaintiff realleges and incorporates by reference by reference Paragraphs 1 through 32 as Paragraph 36 of this Count II.

37. At all times relevant, there was in effect a certain federal statute, Title VII, which provides,

It shall be an unlawful employment practice for an employer to discriminate against any of its employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

38. Defendant was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or to constructively terminate an employee's employment because of the employee's gender.

39. Plaintiff made multiple complaints to Defendant regarding the illegal discrimination and sexual harassment that she was suffering at the hands of Defendant's manager, Shaun McNulty, which resulted in a hostile work environment.

40. Shortly after Plaintiff's last complaint of sexual harassment and discrimination, Defendant constructively terminated Plaintiff's employment, either in whole or in part, because of her gender, and in retaliation for her complaints regarding McNulty.

41. Defendant's conduct as set forth above is so harmful it would dissuade a reasonable worker from filing a discrimination complaint.

42. Defendant's actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

43. Defendant's conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant, and awarding Plaintiff the following relief:

a. Back pay from July 18th, 2018 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid her full hourly wages for all hours normally worked during the workweek, to which Plaintiff would have been entitled had she remained employed by Defendant through the date of judgment;

b. Front pay;

c. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

d. Costs and reasonable attorneys' fees incurred;

e. Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

f. Punitive damages in an amount which will serve to punish and deter Defendant and to deter others from such acts in the future; and

g. Such other legal and equitable relief as this Court may deem proper.

Dated: April 29, 2019                    Respectfully submitted,

_____
One of the attorneys for Plaintiff

| | |
|---|---|
| Glen J. Dunn, Jr. | Jeffrey Grant Brown |
| Glen J. Dunn & Associates, Ltd. | Jeffrey Grant Brown, PC |
| 121 West Wacker Drive | 221 North LaSalle Street |
| Suite 1414 | Suite 1414 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| (312) 880-1010 | (312) 789-9700 |
| gdunn@GJDlaw.com | Jeff@JGBrownlaw.com |